1  Edward R. Litwin SB#: 57635
   Christina H. Lee SB#: 230883
2  Litwin & Associates, A Law Corporation
   1435 Huntington Ave., Suite 336
3  South San Francisco, CA  94080
   (650) 588-7100 (t) (650) 588-4302 (f)

4  Attorney for Plaintiff

6             UNITED STATES DISTRICT COURT

7             NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Irina Aizman | ) | Civil No. |
|  | ) |  |
| Plaintiff, | ) | PLAINTIFF'S ORIGINAL COMPLAINT |
|  | ) | FOR WRIT IN THE NATURE OF |
| -vs- | ) | MANDAMUS |
|  | ) |  |
| Michael Chertoff, Secretary | ) |  |
|  | ) |  |
| Emilio T. Gonzalez, Director, CIS | ) | "Immigration Case" |
|  | ) |  |
| Rosemary Melville, District Director | ) | CIS NOs.      A047-521-051 |
|  | ) |  |
| Frank Siciliano, Field Office Director | ) |  |
|  | ) |  |
| Department of Homeland Security; | ) |  |
|  | ) |  |
| Robert S. Mueller, Director | ) |  |
|  | ) |  |
| Federal Bureau of Investigations | ) |  |
|  | ) |  |
| Defendants. | ) |  |

COMES NOW Irina Aizman, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.     This action is brought against the Defendants to compel action on Form N-400, Application for Naturalization properly filed by the Plaintiff.  The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.

COMPLAINT                                                    1

## PARTIES

2. Plaintiff Irina Aizman is 45 years-old. She was born in the USSR and is a citizen of Israel. She became a lawful permanent resident of the United States on March 24, 2001.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 CFR §2.1.

4. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has, in part, been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5. Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity. Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area. 8 C.F.R. § 100.2(d)(2)(ii).

6. Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity. Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office, including adjudication of naturalization applications filed within its jurisdiction. Defendant Frank Siciliano is the official with whom Plaintiff's application for naturalization continues to pend. 8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

7. Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity. Defendant Robert S. Mueller is the head of

COMPLAINT                                        2

the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General. 28 USC § 533.

## JURISDICTION

8. The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b) and §701 *et seq.*, 8 USC § 1421 *et seq.,* and 8 USC § 1447(b) and 28 USC § 2201 since the Defendants have failed to make a determination of Plaintiff's application for naturalization within the 120 day statutory period. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e)(3), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the plaintiff resides if no real property is involved in the action. Specifically, Plaintiff resides at 1449 Mercy Street, Mountain View, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted her administrative remedies. Plaintiff has made numerous inquiries concerning the status of her application to no avail.

## CAUSE OF ACTION

12. All legal prerequisites having been satisfied, Ms. Aizman filed her application for naturalization on January 12, 2006, with the USCIS.

13. On May 16, 2006, Plaintiff Aizman attended her naturalization interview. She passed the civics

COMPLAINT                                                     3

and English requirement. Plaintiff Aizman's husband (Mr. Alexander Aizman) also had his naturalization interview the same day. He also passed the civics and English requirement. However, as Mr. Aizman's naturalization got approved and moved forward, Plaintiff Aizman's case remained pending. Mr. Aizman took his oath of allegiance to the United States of America and became a United States citizen on June 14, 2006.

14. On or about November 7, 2006, Plaintiff Aizman sent a letter to the San Jose USCIS asking them to review her case since six months had passed since the date of her interview.

15. On or about November 9, 2006, Plaintiff Aizman did a case status inquiry with the San Jose USCIS and was told by the immigration officer that the USCIS does not have access to the FBI name check system, and that the FBI does not have a deadline to review her case.

16. On or about November 9, 2006, Plaintiff Aizman received a letter from the San Jose USCIS informing her that the processing of her case has been delayed because the investigation into her name check remained open. The letter asked that she inquire again in another 6 months.

17. On or about November 30, 2006, Plaintiff Aizman sent a letter to Congresswoman Anna Eshoo's office asking for her assistance with the FBI name check.

18. On or about March 28, 2007, Congresswoman Eshoo responded to Plaintiff Aizman and informed her that the FBI was still actively reviewing the Plaintiff's name check.

19. On or about May 24, 2007, Plaintiff Aizman sent a letter to the San Jose USCIS requesting the USCIS to send an inquiry to the FBI regarding her case.

20. On or about June 6, 2007, the San Jose USCIS sent the Plaintiff a letter stating that the processing of her case has been delayed because the required investigation into her name check remained open, and that the USCIS could not move forward with her case until the name check was completed.

21. On or about June 14, 2007, the Plaintiff sent another letter to the USCIS regarding her case, and

COMPLAINT 4

requested the date her name was submitted to the FBI by the USCIS.

22. On or about June 14, 2007, the USCIS sent Plaintiff Aizman a letter stating that the required background check was still pending, and that her case was submitted to the FBI for name check on January 19, 2006.

23. More than 120 days have passed since the Plaintiff's initial interview, and the Defendants have made no decision on Plaintiff's application.

24. The Defendants' failure to make a determination of Plaintiff's application within the 120-day statutory period allows the Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC § 1447(b).

25. Further, upon information and belief, the USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Aizman. Defendants Secretary Chertoff and Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

26. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., have unlawfully withheld, and are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. By denying adjudication, Defendants are denying Ms. Aizman the right to vote, and the right to petition her 70 year-old mother who is currently on a student visa going to vocational school in Chicago, Illinois. Although ill, the plaintiff's mother continues to go to school so as not to be out-of-status.

27. Plaintiff desires a judicial determination of her naturalization application and a declaration that she is entitled to be naturalized as a citizen of the United States.

PRAYER

COMPLAINT                                                                 5

28. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court will:

    (a)    hear Plaintiff's case and render a declaratory judgment that she is entitled to be naturalized,

    (b)    award the Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and

    (c)    grant such further relief at law and in equity as justice may require.

Dated: _____

                                                       /s/
                                        Edward R. Litwin
                                        Attorney for Plaintiff

COMPLAINT                                  6