SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRINA AIZMAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary;<br>EMILIO T. GONZALEZ, Director, CIS;<br>ROSEMARY MELVILLE, District Director;<br>FRANCIS SICILIANO, Field Office Director,<br>Department of Homeland Security;<br>ROBERT S. MULLER, Director,<br>Federal Bureau of Investigation,<br><br>Defendants. | No. C 07-3895 RMW<br><br>**DEFENDANTS' MOTION TO REMAND CASE TO UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES WITH INSTRUCTIONS; and DECLARATION of HAMZEH SARSOUR**<br><br>Hearing: December 14, 2007<br>Time: 9:00 a.m. |

## I. INTRODUCTION

The Defendants, by and through their undersigned counsel, respectfully ask this Court to remand this naturalization case to the United States Citizenship and Immigration Services (USCIS) with instructions. *See* 8 U.S.C. § 1447(b).

## II. BACKGROUND

### A. Relevant Facts

Plaintiff became a lawful permanent resident of the United States on March 24, 2001. Declaration of Hamzeh Sarsour (Sarsour Decl.) ¶ 12. She filed an application for naturalization with USCIS on December 30, 2005. *Id.* After receipt of the naturalization application, USCIS

initiated its required background checks of the plaintiff. *Id.* An FBI name check was initiated on January 13, 2006. Sarsour Decl. ¶ 12. Plaintiff was interviewed on her naturalization application by USCIS on May 16, 2006. *Id.* On October 26, 2007, USCIS requested an expedite of the FBI name check. USCIS has committed to adjudicating the plaintiff's application promptly once it receives the required security checks are completed. *Id.*

**B. Background Checks**

When an applicant files an application for a citizenship with USCIS, the agency conducts numerous mandatory criminal and national security background checks. Sarsour Decl. ¶ 2. These checks are conducted both to enhance national security and to ensure the integrity of the immigration and naturalization processes. *Id.* These security and background checks serve to screen out aliens who may seek to harm the United States and its citizens or who may be seeking immigration benefits improperly or fraudulently. *Id.*

These background checks currently include (a) a record check of the alien made against Department of Homeland Security's (DHS) own immigration systems; (b) a Federal Bureau of Investigation (FBI) fingerprint check for relevant criminal history records on the alien (e.g., arrests and convictions); (c) a check against the DHS-managed Interagency Border Inspection System (IBIS), which contains records and information from more than twenty federal law enforcement and intelligence agencies, including the Central Intelligence Agency (CIA), FBI, other divisions of the United States Department of Justice, the Department of State, DHS/U.S. Customs and Border Protection (CBP), and other DHS agencies; and (d) an FBI name check, which is run against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS. Sarsour Declaration ¶ 3. The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement agencies. *Id.*

Once USCIS receives an application for naturalization, the applicant's file is opened and an electronic record of that application is created. Sarsour Declaration ¶ 4. The generation of an FBI name check request is automated through DHS systems. *Id*. USCIS maintains reports from FBI regarding the status of the FBI name check requests. *Id*. If a problem is reported, the FBI name

check request will be initiated a second time and resent manually or electronically to the FBI for a response. *Id.* In this way, USCIS ensures that the FBI has in fact received all requests for name checks. *Id.* If an application is otherwise approvable, but all the background checks are not completed, the application is placed on a pending background check shelf. *Id.*

All files on the background shelf are audited regularly in order to identify those in which a response from the FBI has been received. Sarsour Decl. ¶ 5. This audit is conducted at least every week. *Id.* In this manner, the agency ensures that as FBI responses are received, files are expeditiously released for adjudication. *Id.*

Although in the majority of FBI name checks no matches are found, some cases involve complex or highly sensitive information and cannot be resolved quickly. Sarsour Decl. ¶ 6. Resolving FBI name checks is a multi-agency effort with a central system that combines information from these various sources and databases to compile information regarding national security risk, public safety concerns, and other law enforcement concerns. Sarsour Decl. ¶ 7.

For most applicants, USCIS can quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. Sarsour Declaration ¶ 8. However, due both to the sheer volume of security checks USCIS conducts, and the fact that USCIS must await responses from the FBI or other relevant agencies that conduct some of the required security checks, some delays on individual applications are unavoidable and may be lengthy. *Id.* Moreover, in some cases a background check or security check will reveal that positive (derogatory) information on the subject alien is possessed by some agency other than USCIS without necessarily revealing the substance of that information. *Id.* In such cases, USCIS works closely with the other law enforcement or intelligence agencies to obtain all available information concerning the positive result in order to properly evaluate its significance. *Id.* It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law enforcement or national security nature before determining that an individual is eligible for an immigration benefit. *Id.*

///

///

## III. DISCUSSION

### A. The Procedure For Considering Applications for Naturalization

A lawful permanent resident alien may be naturalized as a United States citizen if he meets the five-year statutory residency requirement, has resided continuously in the United States from the date of his application to the time of admission as a citizen, and is of good moral character. *See* 8 U.S.C. §1427(a).

Under the statutory scheme, the naturalization process commences with filing a Form N-400 application for naturalization. *Id.*, § 1445(a); 8 C.F.R. §§ 334.2 & 316.4. The Immigration Service then conducts a background investigation of the applicant, including a review of all pertinent immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Next, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.

If the application is denied, the applicant may request an administrative hearing before a senior immigration examiner. 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2. The hearing must be conducted promptly, no later than 180 days from the date the appeal is filed. 8 C.F.R. § 336.2(b). If the examiner upholds the denial, the applicant may seek a de novo review in federal district court. 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(b) & (c). However, the "examination" of an application (or of an applicant) for naturalization is not limited to the interview by the examiner. 8 U.S.C. § 1446(b) provides:

> Conduct of examinations; authority of designees; record
> The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee so designated is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths, including the oath of the applicant for naturalization, and to require by subpoena the attendance and testimony of witnesses, including applicant, before such employee so designated and the production of relevant books, papers, and documents, and to that end may invoke the aid of any district court of the United States; and any such court may, in the event of neglect or refusal to respond to a subpoena issued by any such employee so designated or refusal to testify before such employee so designated issue an order requiring such person to appear before such employee so designated, produce relevant books, papers, and documents if demanded, and testify; and any failure to obey such order of the court may be punished by the court as a contempt thereof. The record of the examination authorized by this subsection shall be admissible as evidence in any hearing conducted by an immigration officer under section 1447(a) of this title. Any such employee shall, at the examination, inform the applicant of the remedies available to the applicant under section 1447 of this title.

Moreover, Congress has added yet another requirement to the consideration of an application for naturalization: completion of a criminal background investigation of the applicant. Public Law 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, provides in part that:

> During fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

To give effect to Congress' enactment of this requirement, the USCIS adopted a regulation requiring that no examination begin until after the Service received the FBI's report of it's full criminal background check. 8 C.F.R. § 335.2(b) provides:

> (b) Completion of criminal background checks before examination. The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. A definitive response that a full criminal background check on an applicant has been completed includes:
>
> (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
>
> (2) Confirmation from the Federal Bureau of Investigation that an applicant has an administrative or a criminal record; or
>
> (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FD-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

8 C.F.R. 335.2(b), adopted March 17, 1998, 63 FR 12987. Under this regulation, until the FBI completed its record review, the USCIS cannot adjudicate the petitioner's naturalization application. *See also* Public Law, 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, above.

**B. Remand is Appropriate Because the Background Check is Still Pending and, As A Result, No Determination On Plaintiff's Application Can Be Made**

To date, the FBI has not completed Plaintiff's name check. Sarsour Decl. ¶ 12. Accordingly, USCIS has not adjudicated Plaintiff's application for naturalization. *Id*. However, USCIS has asked the FBI to expedite its name check response and has committed to adjudicating Plaintiff's naturalization application promptly upon receipt of the FBI's name check response. Sarsour Decl. ¶ 12. USCIS requested the FBI to expedite plaintiff's name check. Therefore, Defendants

respectfully ask this Court to exercise its option under 8 U.S.C. § 1447(b) and remand the matter to USCIS and direct USCIS to act expeditiously after it receives the completed name check results. The statute both authorizing the Court to hear this matter and empowering it to act, 8 U.S.C. § 1447(b), expressly gives this Court discretion to "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

The Court should permit USCIS to complete the initial determination on Plaintiff's application, and to create a record on which any review of its decision (if necessary) could be based. The Supreme Court has recognized that "judicial deference to the Executive Branch is especially appropriate in the immigration context." *INS v.Aguirre-Aguirre*, 526 U.S. 415, 425 (1999).

**V. CONCLUSION**

For the foregoing reasons, Defendants respectfully ask this Court to remand Plaintiff's naturalization application to USCIS with instructions to USCIS to adjudicate Plaintiff's naturalization application promptly after receiving the results of the FBI name check. *See e.g., Lifeng Song v. Chertoff*, 2007 WL 3256201 (S.D.Cal.Nov. 1, 2007).

Dated: November 8, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants